# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| KERVEL WILLIAMS,<br><br>  Plaintiff,<br><br>    v.<br><br>MICHAEL ZENK, et al.,<br><br>  Defendants. | CAUSE NO. 2:19-CV-295-TLS-JPK |

## OPINION AND ORDER

  Kervel Williams, a prisoner without a lawyer, filed this lawsuit alleging that he has been subjected to deplorable conditions while housed at the Lake County Jail. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the Court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

  In his complaint, Williams alleges that, while housed at the Lake County Jail, he has been subjected to a variety of unsatisfactory conditions. He has not provided with sufficient cleaning supplies to clean his toilet or the showers. As a result, his toilet did not get cleaned for several weeks. He has limited opportunities to shower because the showers are only available for a two-hour period in the morning. The ceiling is leaking in several areas near the showers and the dayroom, resulting in puddles. The floors are also filthy. He believes that he got an infection on

his leg from either the filthy floor or the toilet. There are mice running in and out of his cell at night.

It is unclear from the complaint whether Williams is a pretrial detainee or is serving a sentence following conviction. He does not indicate how often the showers are cleaned. He does not provide details regarding the condition of the showers or floors—he only alleges that they are filthy. He alleges that his leg became infected due to the filthy floors or toilet, but it is unclear why he believes there is a link between the infection and the condition of the floors or toilet. He does not indicate how long the ceiling has been leaking or how long mice have been present, and he does not provide information about the seriousness of the problem or any injury he suffered because of the leaking ceiling or presence of mice. And, Williams has not alleged that any of the defendants he has named in this lawsuit were personally involved in preventing the showers, toilet, or floor from being cleaned, placing him in a filthy cell without providing adequate cleaning supplies, or refusing to remedy the leaky ceiling or the problem with mice. "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). Thus, he cannot proceed against any of the defendants in their individual capacity for monetary damages. Because Williams is now housed in a different facility, injunctive relief is not available to him.

While Williams's complaint is lacking in detail and does not state a claim, he will nonetheless be granted an opportunity to amend his complaint if, after reviewing this court's order, he believes that he can plausibly state a claim. *See Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013). If William decides to file an amended complaint, he should explain in his own words what happened, when it happened, where it happened, who was involved, and how he was personally injured by the events that transpired, providing as much detail as possible.

For these reasons, the Court:

(1) DIRECTS the Clerk of Court to put this case number on a blank Prisoner Complaint (INND Rev. 8/16) form and send it to Kervel Williams;

(2) GRANTS Kervel Williams until **April 28, 2020**, to file an amended complaint; and

(3) CAUTIONS Kervel Williams, that, if he does not respond by that deadline, this case will be dismissed pursuant to 28 U.S.C. § 1915A because the complaint [ECF No. 1] does not state a claim.

SO ORDERED on March 26, 2020.

s/ Theresa L. Springmann<br>
CHIEF JUDGE THERESA L. SPRINGMANN<br>
UNITED STATES DISTRICT COURT