UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| KERVEL WILLIAMS,<br><br>    Plaintiff,<br><br>    v.<br><br>MICHAEL ZENK, et al.,<br><br>    Defendants. | CAUSE NO. 2:19-CV-295-TLS-JPK |

**OPINION AND ORDER**

Kervel Williams, a prisoner without a lawyer, filed an amended complaint alleging that he has been subjected to deplorable conditions while a pre-trial detainee at the Lake County Jail. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the Court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Williams's amended complaint alleges essentially the same facts as his original complaint. Williams asserts that, while housed at the Lake County Jail from May 1, 2019, until November 21, 2019, he was subjected to a variety of unsatisfactory conditions. He was provided with insufficient cleaning supplies to clean his cell, toilet, or the showers. As a result, his toilet did not get cleaned for several weeks, resulting in a bad smell. He believes that he got an infection on his leg from the filthy toilet. During the time Williams was at the jail, the shower

curtains were never changed. Flies and gnats were in the shower drains, and the drains were clogged so that he was forced to shower in standing water. The clogged shower drains caused puddles to form in the dayroom. Williams had limited opportunities to shower because the showers were only available for a two-hour period in the morning. The walls had mold, dust, blood, and dirt on them. The floors were also filthy. There were mice, too. And, the ceiling leaked.

Even if these factual allegations rise to the level of a constitutional violation, it is unclear who Williams intended to sue. Williams did not use the *pro se* prisoner complaint form that this Court has made available to inmates to prepare his amended complaint. He did not include a caption on his amended complaint. And he did not name a single individual in this body of his complaint. It is possible he intended to name the same three defendants that he named in the original complaint: Warden Michael Zenk, Warden O'Connor, and Lake County Sheriff Oscar Martinez. But that is not clear from the complaint itself. "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). Even if he had included the names of the defendant or defendants in the caption, the complaint needs to explain what each defendant did to violate his rights. Williams not only needs to make clear who he is suing, he must explain how each defendant was personally involved in preventing the showers, toilet, floor, and walls from being cleaned, and refusing to remedy the leaky ceiling or the problem with mice.

While the amended complaint does not state a claim, in the interests of justice, Williams will be provided with one more opportunity to amend his complaint, if, after reviewing this court's order, he believes that he can plausibly state a claim. *See Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013). If William decides to file a second amended complaint, he should explain

in his own words what happened, when it happened, where it happened, who was involved, and how he was personally injured by the events that transpired, providing as much detail as possible. He is encouraged to use this court's *pro se* prisoner complaint form, a copy of which was previous provided.

For these reasons, the Court:

(1) GRANTS Kervel Williams until **January 7, 2021**, to file an amended complaint; and

(2) CAUTIONS Kervel Williams, that, if he does not respond by that deadline, this case will be dismissed pursuant to 28 U.S.C. § 1915A because the amended complaint [ECF No. 16] does not state a claim.

SO ORDERED on December 7, 2020.

s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT

3